IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CHRISTOPHER G. MASON,

   Plaintiff,

vs.          No. 09-2033-STA/cgc

TOMMY MILLS, et al.,

   Defendants.

_____

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(DOCKET ENTRY 47)
ORDER OF DISMISSAL
ORDER DENYING MOTION TO CONTINUE AS MOOT
(DOCKET ENTRY 48)
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

_____

   Plaintiff Christopher G. Mason, Tennessee Department of

Correction ("TDOC") registration number 347951, an inmate at the

Northwest Correctional Complex ("NWCX"), Site I, in Tiptonville,

Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983

suing former TDOC Commissioner George Little, West Tennessee State

Penitentiary ("WTSP") Warden Tommy Mills, Correctional Officers

Bill Rogers and Lieutenant Bargery, Disciplinary Chairman Lloyd

Moore, and Disciplinary Board Members Vickie Thompson, and Tommy

Hopper. (Docket Entry ("D.E.") 1.)  Mason alleged that on March 16,

2006, he was charged with the disciplinary offense of assault on

another inmate based on information from a confidential informant

that did not meet TDOC policy requirements. (D.E. 1 at 4-5.) Plaintiff denied that he assaulted another inmate and requested witnesses for his disciplinary hearing. (D.E. 1 at 5.) He alleged that one witness would have testified that Plaintiff's injury to his hand was sustained in a game of frisbee. (Id.)

A disciplinary hearing was held by Defendants Moore, Thompson, and Hopper. (Id.) Plaintiff Mason alleged that he was not allowed to call witnesses and not allowed to introduce the modified frisbee which injured his hand as evidence. (Id.) Plaintiff alleged that he was found guilty. (Id.) Plaintiff appealed his conviction to Defendant Mills, who remanded the proceeding for a new hearing. (Id.) Mills' order directed the disciplinary board to permit Mason to call witnesses, to determine if the confidential informant met TDOC policy, and to allow the submission of evidence offered by the parties. (Id.)

A second disciplinary hearing was conducted on May 4, 2006. (Id.) Defendants Bargery and Rogers testified. (Id.) Plaintiff's witnesses were not allowed to testify and he was again found guilty. (D.E. 1 at 6.) Plaintiff appealed to the Warden, who denied the appeal, stating Plaintiff's due process rights were not violated. (Id.) Plaintiff appealed to Defendant Commissioner Little, who agreed with the Warden and disciplinary board. (Id.)

On December 8, 2007, Plaintiff filed a petition seeking to overturn his disciplinary conviction in Lake County Chancery

Court. (Id.) Plaintiff alleged that, on January 11, 2008, the state court dismissed his conviction due to the disciplinary board's failure to determine the reliability of the confidential information and to document its reasons supporting the guilty verdict. (Id.) Plaintiff alleged the state court also ordered the disciplinary board to remove his five (5) year sentence extension, refund any fees, restore his behavior credits for his time on administrative segregation, restore his package privileges, and release Plaintiff from administrative segregation. (D.E. 1 at 7.) The Chancery Court remanded the case to the disciplinary board for a third hearing. (D.E. 47-3 at 20.)

At the third hearing, the disciplinary board again found Plaintiff guilty. (D.E. 47-3 at 21.) Plaintiff appealed and, on March 14, 2008, Warden Mills overturned the conviction, refunded the five dollar fine, removed the five-year sentence extension, restored Plaintiff's behavior credits, and removed Plaintiff from administrative segregation. (D.E. 47-3 at 21-23.)

Plaintiff has requested a final order on his disciplinary matter and money damages for the violation of his constitutional rights. (D.E. 1 at 3.)

On August 2, 2011, Defendants filed a motion for summary judgment, accompanied by a memorandum in support, a statement of undisputed facts, the deposition of Christopher Mason, and the administrative record of Mason's disciplinary proceedings. (D.E.

47, D.E. 47-1, D.E. 47-2, D.E. 47-3, 47-4.) Plaintiff has not responded to the motion to dismiss, and the time for responding has expired.

Under Federal Rule of Civil Procedure 56, on motion of a party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine [dispute] of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see Fed. R. Civ. P. 56(a). The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(2); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). One may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmovant must present "concrete evidence supporting [his] claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); see Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). The nonmovant has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in his favor. See Fed. R. Civ. P. 56(c)(1); InterRoyal Corp., 889 F.2d at 111. "Summary judgment is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

Under Local Rule 56.1(b):

Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:

(1) agreeing that the fact is undisputed;

> (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or
>
> (3) demonstrating that the fact is disputed.
>
> Each disputed fact must be supported by specific citation to the record. Such response shall be filed with any memorandum in response to the motion. The response must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

Under Local Rule 56.1(d), a "[f]ailure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the essential facts are not disputed for purposes [of] summary judgment."[1]

> Under Fed. R. Civ. P. 56(e):
>
> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;

---

[1] The most recent version of the Court's Local Rules, which took effect March 1, 2011, are applicable to all actions pending on that date. Local Rule 1.1(b).

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; and

(4) issue any other appropriate order.

In evaluating a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).[2]

Plaintiff has failed to respond to Defendants' statement of material facts within the time provided by the rules. The essential facts are, therefore, not disputed and are adopted by the Court to the extent they are properly supported by record evidence. Fed. R. Civ. P. 56(e)(3); see Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991). The Court cannot deny a motion for summary judgment on the expectation that the plaintiff will be able to

---

[2] Even before the 2010 amendments to Rule 56, a court evaluating a summary judgment motion was not required to conduct an independent search of the record to determine whether there might be evidence to support a plaintiff's claims. Wimbush v. Wyeth, 619 F.3d 632, 638 n.4 (6th Cir. 2010) ("The most that Buchanan may point to as far as rebutting evidence is a large package of evidence attached to her response to Wyeth's partial summary judgment motion regarding punitive damages. This evidence was not attached to her brief responding to Wyeth's merits argument, nor was it cross-referenced in that brief. Instead, Buchanan suggests that the fact that the evidence was in the record somewhere is sufficient to create a question of fact and survive summary judgment. This is simply incorrect. Even if the evidence to which Buchanan now refers was sufficient to rebut Wyeth's evidence of inadequate warning, it was Buchanan's job to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the district judge's desk and expecting him to sort it out."); Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008) ("Importantly, '[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'") (quoting Street v. J.C. Bradford & Co., 886 F.2d 1472, 479-80 (6th Cir. 1989) (citation omitted); Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404 (6th Cir. 1992) ("Appellants' argument that the district court erred in not searching the record sua sponte is wholly without merit. The facts presented and designated by the moving party were the facts at hand to be dealt with by the trial court.").

produce evidence at trial to support his claims. <u>Cox v. Kentucky Dep't of Transp.</u>, 53 F.3d 146, 149 (6th Cir. 1995) ("Essentially, a motion for summary judgment is a means by which to challenge the opposing party to 'put up or shut up' on a critical issue.").

The undisputed facts are as follows:[3]

1.    On May 16, 2006, Plaintiff Christopher G. Mason, an inmate of the TDOC, housed at NWCX in Tiptonville, Tennessee, was charged with assault, a prison disciplinary infraction. (D.E. 47-3, Deposition of Christopher G. Mason, Exhibit A, p. 2.)

2.    On April 3, 2006, the NWCX Disciplinary Board held a hearing and found Plaintiff guilty of the charge. (<u>Id.</u> at 5.)

3.    The disciplinary board punished Plaintiff with 10 days punitive segregation, a $5.00 fine, and a 12 month package restriction. (<u>Id.</u> at 9, 17.)

4.    The Board also recommended (but could not order, as beyond its authority), that Plaintiff receive a five year sentence extension and administrative segregation.

5.    Plaintiff appealed the disciplinary board's conviction. (<u>Id.</u> at 11.)

6.    Warden Mills overturned the conviction and sent the matter back to the board for a rehearing. (<u>Id.</u>)

7.    At the second hearing, the board again found Plaintiff guilty and issued the same punishment. (<u>Id.</u> at 17.)

8.    The Warden affirmed the conviction. (<u>Id.</u> at 19.)

9.    Plaintiff filed a petition for writ of certiorari in the Tennessee State Chancery Court. (<u>Id.</u> at 20.)

---

[3]    Citations are to record docket entries.

10. The Chancery Court quashed the conviction and remanded the case to the disciplinary board for a third hearing. (Id.)

11. The third board found Plaintiff guilty. (Id. at 21.)

12. Plaintiff appealed to Warden Mills.

13. On March 14, 2008, Warden Mills overturned the conviction and refunded the five-dollar fine. (Id. at 21-22.)

14. Further, the Warden removed a five-year sentence extension, restored Plaintiff's behavior credits and removed him from administrative segregation. (Id. at 22-23.)

15. Plaintiff is seeking compensatory damages from the State of Tennessee. (Id. at 9, 32.)

16. Plaintiff is not seeking damages from the individual defendants and did not sue the defendants as individuals. (Id. at 9, 31-32.)

### Plaintiff's Request for a Final Order

Plaintiff's disciplinary conviction has been expunged. The five dollar fine was refunded, the five-year sentence extension was removed, Plaintiff's behavior credits were restored, and Plaintiff was released from administrative segregation. (D.E. 47-3 at 21-23.) His request for a final order is moot.

### Plaintiff's Request for Monetary Damages

Plaintiff testified during his deposition that he was not suing the defendants in their individually capacities. (D.E. 47-3 at 9.) Plaintiff stated that he was "trying to collect money from

the state," that he "listed the people involved in the lawsuit," and that the State of Tennessee was the real defendant. (Id.)

A suit against a state employee in his official capacity is a suit against the state agency. Hafer v. Melo, 112 S. Ct. 358 (1991); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); see also Wells v. Brown, 891 F.2d 591 (1989)(even pro se plaintiff must state whether suit is in personal or official capacity). Plaintiff's claims against the defendants in their official capacity is a claim against the State of Tennessee. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Graham, 473 U.S. at 165-66; Pennhurst, 465 U.S. at 98-100; Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Furthermore, a state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's claims against all Defendants in their official capacities are barred by the Eleventh Amendment and are not cognizable under § 1983. Defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is GRANTED and the claims against Defendants are DISMISSED. The Clerk shall enter judgment

for Defendants. Defendants' motion for a continuance (D.E. 48) is DENIED as MOOT.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The Sixth Circuit Court of Appeals requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. The same considerations that lead the Court to grant the motion for summary judgment, and to dismiss the complaint also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In

McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

IT IS SO ORDERED this 8th day of November, 2005.

**s/ S. Thomas Anderson**

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE