IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| CHRISTOPHER G. MASON, | ⅹ | |
| | ⅹ | |
| Plaintiff, | ⅹ | |
| | ⅹ | |
| vs. | ⅹ | No. 09-2033-STA/cgc |
| | ⅹ | |
| TOMMY MILLS, et al., | ⅹ | |
| | ⅹ | |
| Defendants. | ⅹ | |
| | ⅹ | |

_____

ORDER DENYING MOTION TO REINSTATE CASE
(DOCKET ENTRY 56)
_____

On January 15, 2009, Plaintiff Christopher Mason, who at that time was confined as an inmate with the Tennessee Department of Correction, filed a complaint under 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.)  On October 20, 2009, the Court directed that service issue for Defendants.  (D.E. 4.)  On November 17, 2009, Mason filed an amended complaint.  (D.E. 12.)  Plaintiff filed a motion for appointment of counsel that was denied by the Court on January 15, 2010. (D.E. 32.)  On February 12, 2010, Defendants filed an answer to the complaint. (D.E. 33.)  Plaintiff filed various motions on March 15 and 25, 2010, and October 25, 2010. (D.E. 34, D.E. 35, D.E. 37.)

On August 2, 2011, Defendants filed a motion for summary judgment. (D.E. 47.)  Plaintiff did not file a response to the motion for summary judgment within twenty-eight (28) days, the time

provided by Rule 56.1(b) of the Local Rules of Court.  On November 10, 2011, the Court granted Defendants' motion for summary judgment and certified that any appeal by Plaintiff would not be taken in good faith.  (D.E. 49.)  The Court's judgment was entered on November 16, 2011. (D.E. 51.)  On February 12, 2012, Plaintiff filed a motion to reinstate his case, which the Court construes as a motion for relief from judgment pursuant to Fed. Rule Civ. P. 60(b). (D.E. 56.)

>   Rule 60(b) provides, in relevant part:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or it is no longer equitable; or
> (6)  any other reason justifying relief from the operation of the judgment.

Fed. Rule Civ. P. 60(b).

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). "Rule 60(b) does not allow a defeated litigant a second chance to

convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001).

Plaintiff contends that his letter to the Court, dated November 4, 2011,[1] should have been construed as a motion for extension of time to respond to Defendants' motion for summary judgment. (D.E. 50.) Plaintiff's response to the motion for summary judgment was due on August 30, 2011. Plaintiff's belated request was untimely. To the extent Plaintiff relies on Rule 60(b)(1), Plaintiff's neglect was not excusable. Plaintiff presents no basis for consideration of the other grounds under Rule 60(b)(1).

The Court also considers whether Plaintiff is entitled to relief under Fed. R. Civ. P. 60(b)(6). The Sixth Circuit has repeatedly emphasized that relief pursuant to that provision is rarely appropriate:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990); see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 . . . (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). Olle, 910 F.2d at 365; see

---

[1] The letter was received by the Clerk on November 8, 2011, and docketed on November 10, 2011.

also <u>Hopper v. Euclid Manor Nursing Home, Inc.</u>, 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity <u>mandate</u> relief." <u>Olle</u>, 910 F.2d at 365. <u>Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund</u>, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original). Plaintiff fails to present any exceptional or extraordinary circumstances justifying relief under Rule 60(b)(6).

The motion for relief from judgment (D.E. 56) is DENIED.

IT IS SO ORDERED this 24th day of August, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE